Livermore agt. Bainbridge.

## SUPREME COURT.

CHARLES F. LIVERMORE and others, respondents, agt. HENRY
BAINBRIDGE and another, executors, &c., appellants.

*Misconduct of referee — report set aside for irregularity.*

Where a referee, after the cause has been tried by him, summed up and sub-
mitted to him for decision, approaches the party (plaintiff) against whom
judgment is finally rendered, suggesting a proposed sum "as having
been discussed or spoken of" by his antagonist's counsel, with the inti-
mation that "there were matters in evidence in the case which led him
to believe that, if he did give judgment for the defendants, it would
necessarily be for a large amount," and that "it might be well to think
the matter over in that light, and perhaps it might be for their interest
to settle it;" it is the duty of the court to interfere and set aside the
report of the referee for such irregularity. (*This decision affirms that
rendered at special term,* FANCHER, J., 44 *How. Pr. R.,* 357).

*New York, General Term, January,* 1874.

*Before* DAVIS, *P. J.,* DANIELS *and* DONOHUE, *JJ.*

APPEAL from order of special term setting aside report of
referee and vacating judgment, &c.

*Mr. Sewell,* for appellants.

*Mr. Pierrepont,* for respondents.

DAVIS, *P. J.*—It seems quite apparent from the affidavit
of the referee in this case that the conversation with Mr.
Clews, of which he speaks, must have taken place after the
cause had been summed up and submitted to him for decision.
He says that he said, in substance, to Mr. Clews, " that he

Livermore agt. Bainbridge.

(the referee) had not at all come to any conclusion about the case as yet, but that there were matters in evidence in the case which led him to believe that if he did give judgment for the defendants it would necessarily be for a large amount." It is not at all likely that an intelligent referee would have thus spoken of the probable or possible conclusion and judgment to which he had not "as yet" arrived, upon the matters in evidence before him, until after the case had been submitted for his final consideration. Mr. Clews testifies to two interviews between the referee and himself, in one of which the sum of $35,000 was suggested as a proper amount to be paid by plaintiffs. He says that the second interview was after the cause had been summed up, but he is uncertain at which interview the amount he names was mentioned. The referee states that on the occasion when he recollects to have called on Mr. Clews he "has some recollection of mentioning some sum as having been discussed or spoken of by defendants' counsel, or some of them, and he thinks that sum was $35,000." Collating the affidavits of these gentlemen on this point together, I think there is no difficulty in concluding that the conversation narrated by the referee in fact took place after the case was finally submitted to him. This fact completely answers the objection that the plaintiffs should have moved sooner for the alleged misconduct of the referee. They took no step in the progress of the case which can be asserted as a waiver, for at that stage there was no opportunity to take any; and the first occasion when a charge of laches could have arisen against them is the one when they make this motion, and thereby of course repel all idea of acquiescence. It was suggested by the counsel for the appellant on the argument that the alleged irregularity arising from the conduct of the referee was not sufficiently pointed out in the notice of motion. But the allegations on which it is based are contained in plaintiffs' affidavits, and are sought to be distinctly met by the affidavits on the part of the defendants. We must assume, therefore, that this point of

Livermore agt. Bainbridge.

formality was not made in the court below, because, under the circumstances, that court would doubtless have allowed the motion to have stood over for an amendment of the notice, or at most have denied it without prejudice. We do not feel ourselves bound to entertain such an objection when it is apparent that the motion was discussed and decided in the court below as though the notice was strictly regular and sufficient.

The question, therefore, on this branch of the motion is, substantially, whether the court ought to interfere to set aside the report of a referee who, after the case is submitted to him for decision, approaches the party against whom judgment is finally rendered, in the manner and for the purpose shown by the affidavit of the referee himself in this case. This question is quite fully discussed in the opinion of FANCHER, J., at special term, and to his views and conclusion thereon we do not hesitate to give our hearty assent. It may be commendable in a referee or court, in the presence of both parties, to recommend and urge a settlement between themselves of their litigation, but for an officer occupying, as to the questions of fact in a cause, the position of jury, to be the bearer to the party afterwards heavily beaten by him of a proposed sum " as having been discussed or spoken of" by his antagonist's counsel, with the intimation that "there were matters in evidence in the case which led him to believe that, if he did give judgment for defendants, it would necessarily be for a large amount," and that " it might be well to think the matter over in that light, and perhaps it might be for their interest to settle it," is to assume a relation different from that which our duty enjoins. It is not difficult to see that the weak human nature of some referees might lead them, by their subsequent judgment, to show the party who had rejected such friendly overtures, the folly of not heeding salutary advice; and since some might fall into such a temptation, the rule should be inflexible that permits none to tread the path that leads to it.

Livermore agt. Bainbridge.

We think it improbable that the referee in this case was affected by the mistake he made, but the interests of justice demand that general rules designed to prevent the suspicion of impurity in its administration should be rigidly adhered to. For these reasons we think the order appealed from should be affirmed.

It is questionable whether the order of a referee amending pleadings in the course of a trial can be reviewed by a motion at a special term to set aside his report, or because, after such amendment is granted, the parties fail to put the pleadings in proper form. But it is not necessary to pass upon these questions. We prefer to put our decision distinctly upon the ground already considered.

Order affirmed with costs.

DANIELS and DONOHUE, JJ., concur.